# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDUARDO BENAVIDES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-0043 (RWR) |
| | : | |
| DRUG ENFORCEMENT ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

On April 5, 2010, defendant filed a motion to vacate the Court's January 11, 2010 Order granting plaintiff's application to proceed *in forma pauperis* on the ground that plaintiff has accumulated more than "three strikes" under the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(g). On April 22, 2010, the Court issued an Order advising plaintiff of his obligation to respond to defendant's motion. The Order notified plaintiff that, if he failed to file his opposition by May 21, 2010, the Court may treat defendant's motion as conceded. To date, plaintiff has neither filed an opposition nor requested more time to do so. Defendant's motion, therefore, is treated as conceded.

In addition, under the PLRA, a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous or malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). "This [provision] is referred to as the 'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000)). There is an exception to the three strikes rule for a prisoner

1

who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

As defendant demonstrates, *see* Def.'s Mot. to Vacate, Ex. 1-6, plaintiff has accumulated more than three strikes. *See Benavides v. Texas Dep't of Crim. Justice*, No. SA-99-CA-120-OG (W.D. Tex. Jan. 27, 2000) (listing 15 previous federal suits filed in the Eastern and Western Districts of Texas that had been dismissed, three of which had been dismissed as frivolous); *Benavides v. Sanez*, No. 95-40306, 1998 WL 858817, at *1 (5th Cir. Nov. 19, 1998) (per curiam) (dismissing appeal as frivolous); *Benavides v. Pursley*, 68 F.3d 471 (5th Cir. 1995) (per curiam) (affirming district court's denial of reconsideration of dismissal of the suit as frivolous under 28 U.S.C. § 1915(d)); *Benavides v. Whitaker*, 20 F.3d 467 (5th Cir. 1994) (per curiam) (same). Plaintiff may proceed *in forma pauperis* only if he qualifies under the imminent danger exception. To make this determination, the Court looks to the complaint, construes it liberally and accepts its factual allegations as true. *See Ibrahim*, 463 F.3d at 6 (citation omitted).

The instant civil action is filed under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, for plaintiff to obtain records maintained by the Drug Enforcement Administration. *See* Compl. ¶¶ 1-5. Plaintiff's allegations pertaining to a request for federal agency records do not amount to an assertion of imminent danger of serious physical injury. There are no factual allegations from which the Court can infer either the existence of a threat or the imminence or dangerousness of that threat. Plaintiff therefore does not qualify for *in forma pauperis* status under the imminent danger exception. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009) ("[U]nless [the courts] require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status

simply by adding general allegations of endangerment.").

Accordingly, it is hereby

ORDERED that defendant's motion to vacate [Dkt. #11] is GRANTED; it is further

ORDERED that the January 11, 2010 Order granting plaintiff's application to proceed *in forma pauperis* [Dkt. #5] is VACATED and that plaintiff's *in forma pauperis* status is REVOKED; and it is further

ORDERED that all proceedings in this civil action are STAYED for 30 days after the date of this Order. Within this 30-day period, plaintiff shall pay in full to the Clerk of Court the $350 filing fee. If plaintiff fails to make such payment timely, the Court will dismiss this civil action without prejudice.

Signed this 18th day of June, 2010.

>                  /s/
> RICHARD W. ROBERTS
> United States District Judge